UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAAZ QURESHI, MATTHEW RABINOWITZ, and DANISH ARIF, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>AMERICAN UNIVERSITY,<br><br>                Defendant. | Civ. Action No. 1:20-cv-01141-CRC<br>Civ. Action No. 1:20-cv-01454-CRC<br>Civ. Action No. 1:20-cv-01555-CRC |

**DEFENDANT'S SIXTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant American University provides this submission to notify the Court of the decision in *Zagoria v. New York University*, No. 20-cv-03610-GBD-SLC, Dkt. 70 (S.D.N.Y. March 17, 2021) (attached as Exhibit A), which bears on the issues in American's pending motion to dismiss.

*Zagoria* dismissed claims filed against New York University, holding that the "[p]laintiff has failed to sufficiently specify the contractual promises" upon which NYU was supposedly obligated to provide in-person education. Ex. A at 7. The court considered and rejected the plaintiff's argument that such a promise arose from NYU's marketing and recruitment materials or its course descriptions because none of those materials contained "any express language promising the 'certain specified service' of in-person classes." *Id.* at 7-8. The same is true here—Plaintiffs' complaint here contains no alleged statements from American, expressly indicating that courses would be taught exclusively in-person. MTD 6-11; MTD Reply 2-6. The *Zagoria* court also concluded that NYU was not required to provide separate online and in-

1

person courses simply because it had previously done so.  "The presentation of different instruction options is not an express promise that NYU will be limited in the future from changing instruction modalities" and contract claims cannot arise solely from "'an implied promise' based on the nature of [the p]laintiff's [prior] dealings with the school."  Ex. A at 9.  That reasoning applies with equal force to American, which cannot be contractually bound to provide in-person instruction solely due to supposed history and custom.  MTD 9-10, 11; MTD Reply 4-5, 6.  Separately, the court held that the plaintiff's unjust enrichment could not proceed because an express contract exists between the parties, exactly what American has argued before this Court.  Ex. A at 9-11; MTD 21; MTD Reply 16-17.

Dated: March 19, 2021

Respectfully submitted,

/s/ Alan E. Schoenfeld
Alan E. Schoenfeld (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7294
alan.schoenfeld@wilmerhale.com

Bruce M. Berman (#333948)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6173
bruce.berman@wilmerhale.com

*Attorneys for Defendant American University*